ALEXANDER et al. v. FIDELITY TRUST CO. et al.

(District Court, E. D. Pennsylvania. June 25, 1914.)

No. 1147.

1. COURTS (§ 347*)—FEDERAL COURTS—PRACTICE—EQUITY RULES—PLEADING.
Demurrers having been abolished by new equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), whether a bill on its face avers such facts as constitute a valid cause of action in equity, or whether complainants are barred of the right to relief by laches, can now be raised by motion to dismiss the bill or by answer, and, when raised by motion to dismiss, the motion may be heard on five days' notice, but when raised by answer it may be disposed of as a matter of pleading or as a trial question, in the discretion of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*]

2. COURTS (§ 347*)—FEDERAL COURTS—PRACTICE—PLEADING.
Where a defense of laches was raised to a bill in equity by answer, the question was thereby taken out of the domain of pleading and transferred to the domain of trial questions, but such fact did not preclude respondents from raising the question at the outset of the trial as if it were a question of pleading or by objections to evidence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*]

3. COURTS (§ 347*)—FEDERAL COURTS—PRACTICE—PLEADING—LACHES.
Where a defense of laches is disposed of as a question of pleading, it must be determined according to the record as it stands, but, when it is raised as a trial question, complainants may move to amend their record, and if the amendment is allowed, and no surprise is pleaded, the trial proceeds on its trial merits without regard to the old state of the pleadings, and the defense must be ruled in accordance with the new record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*]

In Equity. Suit by John S. Alexander and others against the Fidelity Trust Company, as executor, etc., and others. On motion to dismiss for laches alleged by way of answer. Denied.

Frank A. Harrigan, of Philadelphia, Pa., and Henry A. Wise, of New York City, for plaintiffs.

J. L. Wetherill and H. Gordon McCouch, both of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. The questions now raised come before us as on a demurrer in substance, and therefore only through the pleadings in the cause. As a consequence, we are concerned now only with the juridical history of the case. This, in its general outlines, is as follows:

The complainants have filed a bill in which they aver that they are the real owners of 60 shares of the capital stock of the Corn Exchange National Bank of Philadelphia. This stock stood on the books of the bank, and the certificate stood in the name of John Alexander, who was what may be called the holder of the mere legal title. The averment is of the existence of a simple dry trust in favor of the com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plainants. John Alexander, in whose name the stock belonging to the complainant was, died February 27, 1895. He left a will in which no specific mention is made of this stock, but, if it belonged to him, it is disposed of by being included in the bequests which he makes of his residuary estate. A copy of the will is attached to the bill. It disclosed a state of relations with at least some of the children of the testator out of which sprang just such trust relations as are set forth in the bill of complaint. There is no date given us in the bill of the time when letters testamentary were granted. The bill also avers an assignment to have been made on March 8, 1895, by one of the beneficial owners of the stock of his interest therein as part of the claim of title of the complainants, and avers also a transfer to Lucien H. Alexander, one of the respondents, by the other respondent. The will discloses a distribution of his residuary estate among some of his children and by the creation of trusts for the benefit of others. There are also averments of the usual jurisdictional facts. Answers were filed to the bill of the complainants, which answers, among other things, raise the question of the existence of laches as shown on the face of the bill and also put in issue the fact of laches.

A perusal of the bill itself might provoke any one of several inferences. These inferences would owe their existence perhaps not entirely or alone to the facts as set forth but to the facts aided to some extent by the imagination of the reader. He might infer or imagine conditions out of which the bald and meager facts given us arose which would raise equities in the complainants of overwhelming strength. He might just as easily infer or imagine, for here again he would probably be influenced in his conclusions by his imagination, that the case of the complainants was without any merit, legal or equitable. He might just as readily arise from the perusal of the bill with the thought on his mind that he was not prepared to reach any conclusion until a further statement of facts had been made or he had heard the testimony and evidence out of which the statement of facts as given in the bill arose, and finally he might conclude that the bill, as framed, was ingeniously conceived and framed in the effort to make out a simple prima facie case of more or less-doubtful character.

It is clear that no chancellor would extend to the complainants the relief asked for until the case had been relieved of all imputation of the rank staleness with which it is chargeable.

[1] Under the practice in chancery, before the adoption of the present equity rules, this bill might undoubtedly have been met with a demurrer based upon the proposition that an inference of laches arose out of the lapse of time during which the complainants had remained inactive in the assertion of their rights, and, as there were no averments in the bill to rebut this inference, the bill showed laches on its face, and the prayers of the complainants should therefore be denied. Demurrers, however, are now abolished by rule 29 (198 Fed. xxvi. 115 C. C. A. xxvi). The question of whether the bill on its face avers such facts as "constitute a valid cause of action in equity" can now be raised by a "motion to dismiss" the bill, or it may be raised in the answer. Under rule 29, when raised by motion to dismiss, the motion

may be set down for hearing upon five days' notice. When raised by answer, it may be disposed of by the court as a matter of pleading, or as a trial question, in the discretion of the court. In this case the question has been raised by answer.

[2] It has thus been taken out of the domain of questions of pleading and been transferred to the domain of trial questions. This does not preclude the respondents at the trial of the case from raising the question at the outset as if it were a question of pleading, for the reason that it would be idle to go on with the trial of the case when the result of it could be determined at the outset.

[3] There is a distinction, however, between disposing of the question as a trial question and disposing of it as a question of pleading either on a demurrer, as under the old practice, or on a motion to dismiss, under the present practice. The distinction is this: Cases disposed of upon demurrers in form must necessarily be decided according to the record as it then stands, and the same thing is true of a motion to dismiss under the present rules. When the question is raised as a trial question, then, as on all questions of like character raised in the trial of the case, the plaintiff may move to amend his record, and if the amendment is allowed, and no surprise is pleaded, the trial proceeds upon its trial merits without regard to the old state of pleadings. The distinction referred to, therefore, involves a right of the complainants, which is, or at least may be, of very great practical value.

Because of this the motion as now made is overruled, without prejudice to the right of the respondents to move to dismiss the bill at the beginning of the trial, or, if it can be raised in that way, to raise the question on rulings of evidence. The court feels further called upon to take this form of giving notice to counsel for the complainants that, if the question is raised at the commencement of the trial, the court will exercise the discretion given to it under equity rule 29 and may determine the case on that motion. If, because of this, an amendment is to be asked for, notice of the amendment proposed to be made may be given in advance to counsel for respondents, so that they may be prepared to have the trial proceed to a conclusion, and the question raised may be disposed of either on the present state of the pleadings or as they may be amended, if an amendment is asked for and allowed, or may be disposed of as a conclusion of fact after trial.