ALEXANDER et al. v. FIDELITY TRUST CO. et al.

(District Court, E. D. Pennsylvania.   July 17, 1914.)

No. 1147.

1. TRUSTS (§ 365*)—EXPRESS TRUST—ENFORCEMENT—LACHES.

Where one holds title to property under an express declared or acknowledged trust to hold it indefinitely for another, no laches can be imputed to the beneficiary from the mere fact that he has not sued to enforce the trust until after a considerable lapse of time, but if the absolute title has been held by the alleged trustee as his own, and the beneficiary has permitted it to be so held without question for nearly 20 years, and the trustee has conveyed the property to another, equity will not sustain a bill merely alleging as a conclusion of law that the property was held in trust for him, or omitting to charge any facts to excuse the delay.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 568-573;  Dec. Dig. § 365.*]

2. TRUSTS (§ 365*)—ENFORCEMENT—LAPSE OF TIME.

While lapse of time is not of itself a bar to a trust clearly established, yet where the trust is an implied or constructive one, there must have been fraudulent concealment or other cause for delay in having it found or declared, or laches will be a complete bar, since the decree is always of grace, and will be withheld where plaintiff's conduct justifies that course.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 568-573;  Dec. Dig. § 365.*]

3. PLEADING (§ 8*)—COMPLAINT—FACTS—CONCLUSIONS.

An averment in a suit to declare a trust that the property was "held in trust" was a mere conclusion, and not an allegation of fact.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12-28½, 68;  Dec. Dig. § 8.*]

4. EQUITY (§ 362*)—EQUITY RULES—MOTION TO DISMISS—DEMURRER.

Under Equity rules 25, 29 (198 Fed. xxv, xxvi; 115 C. C. A. xxv, xxvi), providing that the bill shall consist of a short and simple statement of the ultimate facts on which plaintiff asks relief, and that any point of law which goes to the cause of action as stated in the bill may be called up and disposed of at any time before final hearing, at the discretion of the court, the bar of laches when claimed to be presented on the face of the bill may be raised by a motion to dismiss, which is equivalent to a demurrer under the chancery practice.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 758-761;  Dec. Dig. § 362.*]

In Equity.  Suit by John S. Alexander and others against the Fidelity Trust Company and others.  On motion to dismiss.  Granted.

See, also, 214 Fed. 495.

Frank A. Harrigan, of Philadelphia, Pa., and Henry A. Wise, of New York City, for plaintiffs.

J. Lawrence Wetherill, of Philadelphia, Pa., for defendant L. H. Alexander.

H. Gordon McCouch, of Philadelphia, Pa., for defendant Fidelity Trust Co.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DICKINSON, District Judge. This is the second time the question now raised has been before us. The facts necessary to its decision are stated in the opinion already handed down. The record of the case was not then in such condition that a decree could be entered. The case has now been called for trial. As a preliminary, the defendants asked to have called up and disposed of the question raised by the answer which goes to the whole cause of action. This is in effect a motion to dismiss the bill. The basis of it is that the bill on its face shows a lack of equity in that gross laches in the plaintiffs appear by their own showing. Leave to so raise the question was granted, and a like leave accorded the plaintiffs to amend so as to make their bill self-supporting. This they have declined to do, standing on the averments of the bill as filed to support their equitable claim to the relief for which they pray. They asked only to amend their bill in a feature not involved in the motion to dismiss. This feature is that the bill as filed avers the trust company defendant to have acquired title to the stock, the ownership of which is in dispute, under the will of John Alexander, and is there made a defendant in its capacity as executor of and trustee under that will. The amendment avers that the title of the trust company was acquired by a deed of trust executed by the same John Alexander in his lifetime, and asks to have it made a defendant in that capacity. This amendment was allowed, and the motion was heard and is now disposed of upon the bill as thus amended.

The salient facts, so far as we are now concerned with them, and so far as they are averred in the bill, the averments of which, of course, we must on this motion accept as facts, are these:

John Alexander, in his lifetime, as far back as November 20, 1894, had in his possession certificates for certain shares of the stock of the Corn Exchange National Bank, which stood in his name as owner. How much longer than since 1894 he had so held the stock neither the original bill nor the bill as amended informs us. The amended bill avers that he transferred this stock to the Fidelity Trust Company, one of the defendants, on the date mentioned. This transfer followed a deed between the parties inter vivos, and was made to enable the grantee to carry out the trusts therein and thereby declared.

The third paragraph of the bill has now been made to aver that John Alexander had no real ownership or interest in this stock, but held it "in trust" for the plaintiffs "up until that date," to wit, November 20, 1894. John Alexander died in 1895, and letters testamentary were duly granted upon his estate. The trust company defendant has assigned this stock to Lucien H. Alexander, who has also been made a defendant.

It is to be observed that the fact upon which rests whatever equities the plaintiffs have is not averred as a fact. It appears, if at all, as implied in the statement that John Alexander held the stock "in trust." This is the statement of a legal conclusion not a fact. It is further to be observed that there is no averment other than this of the ultimate fact upon which the decision of the question now before us depends, nor of any other facts from which this ultimate fact can be inferred. We are further uninformed why the plaintiffs allowed more than 19

years to elapse before setting up in any way a claim of title to this stock. Neither do we know why they have waited until the stock had been assigned to a third party, nor why this third party should be dispossessed of whatever ownership he has in the stock. The controlling fact, on the branch of the case with which we are now concerned, is revealed by the answers to these questions: Did John Alexander hold title to this stock under an express trust, the indefinite continuance of which was consistent and in line with the terms of the trust itself? Or does the trust arise by implication out of something done or omitted to be done by John Alexander, or something done by the plaintiffs or by some one for their benefit? Is the trust one the existence of which is not in controversy or one which is denied? In the one case we are asked to enforce an existing trust. In the other, we are asked to find and declare to exist a trust the existence of which is denied.

[1] If one held the title to property under an express declared or acknowledged trust to hold it indefinitely for another, no laches could be imputed to a plaintiff from the mere fact that he had not gone into a court of equity to enforce such a trust until after a considerable lapse of time after the time the trust was created. Where, however, the absolute title to property is held by one as his own and has been permitted to be so held without question for nearly 20 years, and we do not know how much longer, without question of his title, if a court of equity is asked to grant as of grace a decree declaring that property to belong to another, the court may at least withhold the decree until the plaintiff does something more than make the bare averment that the title to the property was held in trust for him. There is, of course, and in the very nature of things cannot be any hard and fast rule on the subject, but out of the fact that a reason to refuse the decree asked for might appear from the face of the bill itself, the question has been permitted to be raised by demurrer under the old practice.

Let us apply the test inquiry in this case. The bill as amended avers that John Alexander, on July 11, 1894, "held in trust for the complainants" 60 shares of the Corn Exchange National Bank; that on that day he transferred this stock to the Fidelity Trust Company, in trust for certain expressed purposes, with which the plaintiffs are not concerned, and which are in direct conflict with the beneficial ownership of the plaintiffs in the stock, and that the trustee consistently with the terms of the expressed trust transferred the stock to Lucien H. Alexander. The court on this bare allegation is asked, by a bill filed November 25, 1913, more than 19 years after John Alexander had parted with his title, to decree that the Fidelity Trust Company shall assign this stock to the plaintiffs and account for all dividends received on it. A similar decree is asked against the Corn Exchange National Bank and likewise against Lucien H. Alexander. There is no averment or suggestion that any of the defendants even knew of the claim of ownership of the plaintiffs, and no averment that the Corn Exchange National Bank had any relation to the shares of stock other than that it was the bank which had issued the shares of stock, the ownership of which is in dispute. If these facts, and no more than these facts,

were proven, would a court of equity grant or withhold the relief asked for?

The plaintiffs, after full notice that the sufficiency of the averments of their bill was challenged and that in the judgment of the court there was this insufficiency, declined to add anything to their averments in this respect. All they have added is in effect this:

"We thought at first that the title to the stock had passed to the Fidelity Trust Company as executor of John Alexander under his will probated in 1895. We learned, on July 16, 1912, that the title was acquired in 1894 by deed from John Alexander in his lifetime."

Even this fact, it will be observed, was known to them before their bill was filed, and obviously this fact adds nothing of persuasive force to the prayers of their bill. As therefore, if they prove all that they have averred, their prayers would be denied, there is no good reason to withhold the decree until such proofs are made.

This ruling is in accord with the rulings of the courts under the practice of raising the question by demurrer.

The principles are clearly stated.

[2] 1. Lapse of time of itself is no bar to a trust clearly established. The reasons for this are obvious.

2. Where the trust is an implied or constructive trust, there must have been a fraudulent concealment or other cause for the delay in having it found or declared, or lapse of time is a complete bar.

The reasons for this are equally obvious.

3. As the decree of a chancellor is always of grace, it will be withheld where the conduct of the plaintiff justifies this course and unexplained supineness is a reason for the court refusing to be moved. Speidel v. Henrici, 120 U. S. 377, 7 Sup. Ct. 610, 30 L. Ed. 718.

[3] The averment of "held in trust" is a legal conclusion, not a fact. The fact of whether the trust is an express or constructive trust, and, if the latter, the facts out of which the implication of a trust arises, should be stated. Metropolitan Trust Co. v. Columbus (C. C.) 93 Fed. 689, at page 692.

[4] It only remains to inquire whether the present equity rules permit the question here raised to be disposed of on a motion to dismiss or its equivalent. It is apparent that in whatever way it is raised, that way is the equivalent of a demurrer under the practice in chancery. The pertinent rules are that part of rule 25 (198 Fed. xxv, 115 C. C. A. xxv) which limits the bill to "a short and simple statement of the ultimate facts upon which the plaintiff asks relief," and that part of rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) which permits any "point of law" which goes to the "cause of action" as "stated in the bill" to be "called up and disposed of at any time before final hearing at the discretion of the court." It is clear that these rules change only the manner of raising such questions, and neither the questions themselves nor the equitable principles by which they are to be determined.

The bill of plaintiffs is therefore dismissed, with costs to defendants.