UNION SULPHUR CO. v. FREEPORT TEXAS CO. et al.

(District Court, D. Delaware. November 15, 1915.)

No. 336.

EQUITY ☞371—PRACTICE—SEPARATE HEARING—RIGHT TO.

Complainant's bill charged that defendant and a second corporation controlled by defendant, which was named a defendant, but not served, conspired together to infringe complainant's patent. The bill of particulars specified infringements as the result of a conspiracy, and declared that complainant did not waive the right to rely on infringements by the corporations or either of them. Equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) declares demurrers to pleas are abolished, but every defense heretofore presentable by plea in bar or abatement shall be made in the answer, and in the discretion of the court disposed of before trial of the principal case. Held, that as, in a suit to enjoin infringement of letters patent and recover profits and damages, the interlocutory decree enjoining infringement marks the divisional line between the introduction of evidence of infringement for the purpose of obtaining such decree and of evidence showing profits, no separate trial on the defense that the defendant served did not conspire with the second corporation to infringe the patent and did not control it can be had, for that would be calculated to result in confusion.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 782; Dec. Dig. ☞371.]

In Equity. Bill by the Union Sulphur Company against the Freeport Texas Company and the Freeport Sulphur Company, which latter defendant was not served. On motion for separate hearing of the defense of nonliability of the Freeport Texas Company for the acts of the Freeport Sulphur Company. Motion denied.

Alan N. Mann and Fish, Richardson, Herrick & Neave, all of New York City, for complainant.

Thomas F. Bayard, of Wilmington, Del., and L. F. H. Betts and James R. Sheffield, both of New York City, for defendants.

BRADFORD, District Judge. The bill was filed by the Union Sulphur Company against the Freeport Texas Company, a corporation of Delaware, and the Freeport Sulphur Company, a corporation of Texas; but the last named company is not before the

court, not having been served with process and not having appeared. The seventh paragraph of the bill states:

"That the said Freeport Texas Company at the time of the commission of the acts hereinafter complained of was controlling and is now controlling all of the acts and all of the property of the Freeport Sulphur Company and was and is now operating and conducting or directing and controlling the operation and conduct of its plant and business."

The ninth paragraph states that the Freeport Texas Company and the Freeport Sulphur Company conspired and contrived together to commit the acts of infringement complained of. The tenth paragraph states that the Freeport Texas Company and the Freeport Sulphur Company "conspiring together, and acting in concert" have been guilty of infringement. The twelfth paragraph states:

"That the Freeport Texas Company has itself committed such acts of infringement in that it has authorized, directed and controlled, and is now authorizing, directing and controlling the acts of the Freeport Sulphur Company, herein alleged to be infringements of said letters patent."

The eighth paragraph of the answer alleges:

"That said defendant, Freeport Texas Company, never owned, controlled, operated, directed or conducted, and does not now own, control, operate, direct or conduct the property, plant or business of the Freeport Sulphur Company."

The ninth paragraph denies:

"That at any time the defendant Freeport Texas Company was controlling or is now controlling the acts, or all of the acts, or the property, or all of the property, of the said Freeport Sulphur Company, or was at any time or is now operating, conducting, directing or controlling the operation or conduct of the plant or business of said Freeport Sulphur Company, * * * or that the defendant Freeport Texas Company has itself committed any acts of infringement or has authorized, directed or controlled, or is now authorizing, directing or controlling * * * any acts of said Freeport Sulphur Company alleged in said bill to be infringements of any of the several letters patent in suit."

The tenth paragraph alleges:      ·

"That it [the defendant] is not in any way liable or responsible for any of the alleged acts of said Freeport Sulphur Company alleged in said bill to be infringements of said several letters patent."

The twelfth paragraph denies that the defendant and the Freeport Sulphur Company conspired or contrived together to infringe. The thirteenth paragraph denies that the defendant and the Freeport Sulphur Company have conspired together or acted in concert to infringe.

Equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), prescribed by the Supreme Court, provides:

"Demurrers and pleas are abolished. * * * Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court."

The parties on both sides have applied through their counsel "for a separate hearing, under equity rule 29, of the special defense and issue raised in paragraphs, 8, 9, 10, 12 and 13 of the answer of the defendant Freeport Texas Company, that it is not liable for the in-

fringement charged in the complaint, either through control of or as a so-called conspirator with the Freeport Sulphur Company." And it is argued that the paragraphs in the answer above referred to raise "a single special issue as a defense to the whole bill, viz., the non-liability of the defendant for the alleged acts and operations charged to be infringements of the patents in suit, either through control of or acting in conspiracy with the Freeport Sulphur Company." Aside from the bill of particulars, the bill nowhere specifies particular acts of infringement or the particular times when committed, but charges that the Freeport Texas Company and the Freeport Sulphur Company conspiring together and acting in conjunction have within six years next before the filing of the bill infringed the letters patent therein referred to. In the bill of particulars it is alleged that the character of the infringing apparatus and devices "is exemplified by mines and appurtenances such as defendants' wells 143 and 146 and their appurtenances, situated on Bryan Heights at Freeport, Texas," and that of the alleged infringing processes by those "used in the operation of such mines as defendants' wells 143 and 146, aforesaid." The bill of particulars further alleges that the dates of the infringing acts "include all times at which wells such as those described were constructed and operated" as alleged in the bill; "for example, during the year 1914." The alleged acts of infringement are not particularly enumerated or assigned to particular dates. The concluding paragraph of the bill of particulars is as follows:

"These particulars are given without waiving the plaintiff's right to rely, in this or other suits, upon any infringing acts of these defendants or either of them, or upon any other patents or claims which it may subsequently learn have been infringed by these defendants or either of them."

The counsel in their brief in support of the plaintiff's interrogatories say:

"The defendant tried to make it appear that the plaintiff claimed recovery only for infringement during the year 1914. However, in the bill of particulars, it is definitely stated that the particulars are given without waiving the right of the plaintiff to recovery for any other infringement which it might discover."

The granting of the present motion would not, I think, be an exercise of sound discretion. No case tending to show its propriety has been brought to my attention. Reference was made to Alexander v. Fidelity Trust Co. (D. C.) 214 Fed. 495, and 215 Fed. 791, and to St. Louis Union Trust Co. v. Studebaker Corporation (unreported),[1] recently decided by the district court of the United States for New Jersey. In the former case the issue raised was laches, and in the latter res adjudicata. Either defense could, I think, prior to the adoption of equity rule 29, have been presented by a plea in bar, and consequently the issue could properly "be separately heard and disposed of before the trial of the principal case."

But wholly aside from the question whether an issue of infringement under conspiracy together with an issue of infringement pur-

---

[1] Since reported in 226 Fed. 797, under the title of Sanitary Street Flushing Mach. Co. v. Studebaker Corporation.

suant to control, authority or direction, formerly could properly form the subject-matter of a plea, or can now, under rule 29, be heard and disposed of "before the trial of the principal case," it is obvious that considerations different from those usually applicable to other cases apply to suits in equity to recover profits and damages for infringement of letters patent. In such a suit the granting of the interlocutory decree, if there be one, marks the divisional line between the introduction of evidence touching infringement for the purpose of obtaining or preventing the granting of such decree, and the introduction of evidence as to infringement before the master to establish the amount of profits or damages. It does not follow that because one act of infringement was the result of conspiracy or of control, authority or direction, on the part of the defendant, that all others were. If upon a separate hearing before the granting of an interlocutory decree it should be determined that a single act of infringement was committed—which so far as infringement is concerned is all that is required to support such a decree—under conspiracy or pursuant to control, authority or direction, manifestly that determination should not control the action of the master in dealing with evidence of acts of infringement committed under circumstances different from those found to exist by the court on the separate and preliminary hearing and justifying an interlocutory decree. To require all evidence touching infringement to be introduced before the time for the entry of the interlocutory decree would be to uproot the settled practice in patent suits in equity. On the other hand, if the master is not bound with respect to infringement by the action of the court in the first instance, save so far as the court has specifically found acts of infringement, the question of conspiracy, or control, authority and direction touching other acts of infringement is left open for determination on the circumstances surrounding and explanatory of such other acts, and "the examination must be at large." It is a matter of regret that the hearing and decision of this case should be attended with what at first sight might seem unnecessary delay and expense; but for the reasons above given the court is compelled to hold that in the exercise of a sound discretion the motion must be denied.