## GOODRICH ZINC CORPORATION v. CARLIN et al.

(District Court, W. D. Missouri, S. W. D. January 9, 1925.)

No. 32.

**1. Courts ⬤⇒351—Old limitations on inquiry are applicable under equity rule, and preclude interrogatories which are in nature of "fishing."**

Under equity rule 58 the old limitations on inquiry in discovery proceedings apply, and interrogatories must relate to definite and material facts within exclusive knowledge of adversary, and cannot be used merely to ascertain opponent's evidence, nor can the questions be in the nature of mere "fishing" expedition.

**2. Courts ⬤⇒351—Interrogatories in proceeding under equity rule held improper.**

In suit by corporation, interrogatories filed under equity rule 58 by defendant, as, "What were and are your interests in, and what your relations (financial, personal, and official) to plaintiff, * * * especially concerning the property conveyed or to be conveyed by S. B. M. to that corporation, * * * and how and by whose invitation, request, or procurement, and when did you come into your place or relation as officer or agent of plaintiff corporation?" held improper.

**3. Discovery ⬤⇒8—It is essential to discovery that there be something exclusively or peculiarly within knowledge or control of party interrogated.**

It is essential to discovery that there be something exclusively or peculiarly within knowledge or control of party required to disclose or produce it.

**4. Discovery ⬤⇒22½, New, vol. 18A Key-No. Series — Interrogatory must embrace single question, and be so framed that it may be clearly seen what party interrogated is called on to answer.**

Interrogatory must embrace single question, and be so framed that it may be clearly seen what party interrogated is called on to answer.

**5. Discovery ⬤⇒8—An adversary cannot by interrogation be compelled to disclose names of his witnesses.**

An adversary cannot by interrogation be compelled to disclose names of his witnesses.

In Equity. Suit by the Goodrich Zinc Corporation against Thomas Carlin and others, wherein defendants were permitted to file interrogatories. On objections and exceptions to such interrogatories. Objections sustained.

Owen & Davis, of Joplin, Mo., for plaintiff.

Thomas Carlin, of Pierce City, Mo., and George Hubbert, of Neosho, Mo., for defendants.

REEVES, District Judge. On objections and exceptions to interrogatories. Plaintiff corporation filed its bill in equity against the defendants. After answer, and in conformity to equity rule 58, defendants were, by order of court, permitted to file their interrogatories, numbered 1 to 18, respectively. Plaintiffs thereupon filed their objections and exceptions to such interrogatories. An examination of such interrogatories compels the conclusion that such objections and exceptions are well taken.

[1] 1. Equity rule 58 provides for the filing of interrogatories after the joinder of issue by either party "in writing for the discovery by the opposite party or parties of

facts and documents material to the support or defense of the cause." This rule does not change the old equity rule, entitling one of the parties to a disclosure of material facts within the exclusive knowledge of an adversary; but it changes the procedure with respect to such discovery, or rather the method of obtaining the information, and extends such right to a defendant as well as to a plaintiff.

The old limitations upon the inquiry are applicable under equity rule 58. "A party may file interrogatories as to anything which can be fairly said to be material, to enable him either to maintain his own case or to destroy the case of his adversary; but the English rule is that he is not entitled to obtain more than an outline of his opponent's case." 2 Foster Federal Practice, § 348, p. 1764.

Moreover, even in an inquiry "as to your own case, the questions asked must not be 'fishing'; that is, they must refer to some definite and existing state of circumstances, and not be put merely in the hopes of discovering something which may help the party interrogating to make out some case. They must be confined to matters which there is good ground for believing to have occurred." The interrogator will not be permitted "to ascertain the evidence on which the opposite party bases his cause of action or defense, or to ascertain the names of his witnesses, or for the purpose of aiding the party in the preparation of his case for trial." Hopkins, Federal Equity Rules, Annotated (4th Ed.) p. 242; 14 Cyc. 342; 2 Street's Federal Equity Practice, § 1872, p. 1126.

Such information may be disclosed incidentally, and in such case should not affect the general disclosure. "It is furthermore clear that, to the extent that discovery may be granted as to material matters of fact, it must be limited to an inquiry as to the material facts, and does not extend to a disclosure of evidence or of facts which merely tend to prove the material facts." P. M. Co. v. Anchor Co. (D. C.) 216 F. 634, loc. cit. 636; Luten v. Camp (D. C.) 221 F. 424, loc. cit. 428; Day Co. v. Mountain City Mill Co. (D. C.) 225 F. 622, loc. cit. 624.

[2] 2. An examination of the interrogatories filed, in the light of the above rules, shows obviously that such interrogatories fail to meet the standards prescribed in such cases in equity practice. Interrogatory No. 1 is unobjectionable, because merely preliminary, but interrogatory No. 2 propounds the several inquiries: "What were and are your interests in and what your relations (financial, personal and official) to the plaintiff, the Goodrich Zinc Corporation of Delaware, at and continuously since the date mentioned in interrogatory No. 1, and especially concerning the property conveyed or to be conveyed by Sara B. Matlack to that corporation in Lawrence or Newton county, Missouri, and how and by whose invitation, request, or procurement, and when did you come into your place or relation as an officer or agent of the plaintiff corporation?"

The foregoing is a fair illustration of the general trend of said interrogatories, and each and every one stands condemned for a violation of the rules of discovery. The information elicited is not for the discovery of the ultimate facts only which may be material for the support of the defense or the cause, but seeks to obtain mere evidence of facts tending to prove the nature of the case. Wolcott v. National Electric Signaling Co. (D. C.) 235 F. 224.

Equity rule 58 is intended to facilitate the proper disposition of the cause, and not needlessly to harass and vex the parties. Even at best, the practical enforcement of rule 58 is often beset with perplexity and embarrassment, and unless the limitations upon the rule are enforced, under the guise of a discovery, the parties could conduct unrestricted inquiries, sometimes characterized as "fishing expeditions" or "fishing discoveries." Union Sulphur Co. v. Freeport Texas Co. (D. C.) 234 F. 191, loc. cit. 197.

[3] It is essential to discovery, properly so called, that there be something exclusively or peculiarly within the knowledge or control of the party required to disclose or produce it. Wolcott v. Signaling Co., supra; 2 Foster's Federal Practice (6th Ed.) § 348, pp. 1764, 1765.

[4] An interrogatory must embrace a single question, and be so framed that it may be clearly seen what the party interrogated is called upon to answer. Kinney v. Rice (D. C.) 238 F. 444; Rodman Chem. Co. v. E. F. Houghton Co., 233 F. 470.

[5] The adversary cannot by interrogation be compelled to disclose the names of his witnesses. Kinney v. Rice, supra; Speidel Co. v. Barstow Co. (D. C.) 232 F. 617; Wolcott v. Signaling Co., supra; Dick Co. v. Underwood Co. (D. C.) 235 F. 300. It does not seem necessary to discuss seriatim all the interrogatories filed. It is sufficient to say that such interrogatories are vulnerable

upon the grounds alleged in the plaintiff's motion, namely:

First, that they either seek evidentiary facts, and not ultimate facts; or, second, it is sought to cross-examine the plaintiff's officers and agents; or, third, to ascertain the nature of plaintiff's cause of action; and, fourth, that they are too broad and inquisitorial.

Other specific objections have been urged by plaintiff. For the foregoing and other reasons, the objections will be sustained.