**NEW WORLD LIFE INS. CO. v. WALKER.**

District Court, D. Idaho, S. D. July 16, 1929.

No. 1381.

Graves, Kizer & Graves, of Spokane, Wash., and T. A. Walters, of Caldwell, Idaho, for plaintiff.

Frank T. Wyman, of Boise, Idaho, and Scatterday & Stone, of Caldwell, Idaho, for defendants.

CAVANAH, District Judge. Plaintiff brings this suit to void and cancel two life insurance policies on the life of the deceased husband of the defendant. The complaint charges that in Walker's application to plaintiff for insurance he misrepresented the amount of insurance upon his life that he then carried with other companies. The further charge is made that Walker appeared and was reputed to be in comfortable financial circumstances, and that the insurance he then had on his life, together with the two policies in question, seemed to be commensurate with his condition; but in fact he was then insolvent, and the amount of premiums upon the insurance carried by him greatly exceeded the amount of his income. In her answer the defendant denies all charges of misrepresentation, overinsurance, and the charge that Walker's financial condition and income was as stated in the complaint, and affirmatively alleges that plaintiff and its agents and officers then knew that Walker had other insurance in force, knew of his financial condition, and with such knowledge, which was acquired by it and its agents and officers in the course of their employment and performance of their duties, plaintiff accepted the application and issued the policies of insurance.

The question now before the court for decision is whether or not the defendant should be required to furnish, upon plaintiff's motion for a better statement of the defense

pleaded and for better particulars of the matters stated, the names of plaintiff's agents and officers who had knowledge of the matters pleaded in the affirmative defense. Attention is called to Equity Rule No. 20, which reads: "A further and better statement of the nature of the claim or defense, or further and better particulars of any matter stated in any pleading, may in any case be ordered, upon such terms, as to costs and otherwise, as may be just."

While it is true that the equity rules were intended to simplify equity pleadings and expedite the hearing and decision of equity causes, yet they do not go so far as to violate the rule prohibiting one party requiring the other to disclose the names of witnesses. They go no further than to require an order to be made for a further and better statement of the nature of the defense and better particulars of the matters stated, and greater definiteness may be required.

Here we have a statement in clear language in the answer that the plaintiff and its agents and officers had knowledge of a matter pleaded which was acquired by them in the course of their employment and performance of their duties, and there appears to be no uncertainty in that statement, nor can the plaintiff be taken by surprise at the trial as to which of their agents or officers dealt with the applicant at the time the application for insurance was received by it and acted upon. The names of these agents and officers are certainly within the knowledge of the plaintiff, and it is within their power to have them in attendance at the trial if desired. Lack of knowledge on the part of plaintiff's officers and agents of the falsity of Walker's statement is set forth in plaintiff's complaint, and which would seem to be a material allegation to be established by plaintiff. 26 C. J. 1134; 27 C. J. 33. To now require the defendant, in advance of the trial, to give the names of witnesses by whom she expects to disprove the averment of plaintiff as to lack of such knowledge, would run counter to the rule that an adversary cannot be compelled to disclose the names of his witnesses. 31 C. J. 578; Marquette Mfg. Co. v. Oglesby Coal Co. (D. C.) 247 F. 351; Goodrich Zinc Corp. v. Carlin et al. (D. C.) 4 F.(2d) 568.

The motion is therefore denied.